**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SHELLY GIESLER** | § | |
| | § | |
| **v.** | § | **4:08-cv-344** |
| | § | |
| **RUIZ FOOD PRODUCTS, INC.** | § | |

<u>**MEMORANDUM OPINION**</u>

On October 2, 2009, the Court GRANTED in part and DENIED in part Defendant's Motion for Summary Judgment (Doc. No. 18). The Court stated that a memorandum would follow the Summary Judgment Order in due course. In accordance with that Order, the Court issues the following Memorandum Opinion. Furthermore, Plaintiff's Objections to and Motion to Strike Defendant's Summary Judgment Evidence (Doc. No. 24) are **DENIED**.

**I. Background**

Plaintiff, a white female, was employed by Defendant for 22 months before Defendant fired her in December 2007. Prior to her termination, Plaintiff worked in the sanitation department as a shift leader on the graveyard shift.

In August 2007, Plaintiff filed a report with Defendant that her co-worker Mario Sanchez physically assaulted her (the August Assault). Plaintiff reported that while she and Sanchez were arguing over a radio, Sanchez grabbed Plaintiff by the jacket. As will be seen, Plaintiff later claimed that Sanchez fondled her breast at the time of the assault. Sanchez was suspended for three (3) days.

Plaintiff reported a second assault on December 17, 2007 (the December Assault). Plaintiff told her supervisor that her co-worker Coy Meade – another sanitation shift leader on the graveyard

shift – had pushed Plaintiff into a desk. Plaintiff made a written account of the assault, and Plaintiff's supervisor Gus Aleman turned the report over to Rebeckah Flanagan in Defendant's human resources department.

Flanagan fired Plaintiff after consulting with Aleman and human resources Vice President Tony Caetano. Plaintiff claims that Flanagan did not properly investigate the December Assault by Meade. Defendant suspended Plaintiff on December 18, 2007 and fired her on December 21, 2007. Meade was not suspended or fired.

Plaintiff claims she was fired because of her gender (female) and race (white) and in retaliation for reporting the December Assault. However, Defendant insists that Plaintiff was fired due to insubordination and her difficulties working with others.

Plaintiff had previous complaints against her from co-workers who were not involved in the assaults. Defendant counseled Plaintiff on these prior complaints, but did not reprimand Plaintiff. Defendant's progressive disciplinary policy provides for increasingly severe action against an employee for multiple infractions. Under the policy, early infractions result in written warnings, then subsequent infractions result in suspension, and finally termination. Defendant did not follow this policy with regard to Plaintiff.

Plaintiff filed a claim of discrimination with the Texas Workforce Commission, that claim later being denied by the commission. Plaintiff then sued Defendant in the 59th Judicial District in Grayson County, Texas. Defendant timely removed the action to this Court on the basis of complete diversity.

**II. Motion for Summary Judgment**

Defendant's Motion for Summary Judgment challenges each of Plaintiff's claims. For the reasons stated below, the Court DENIES Defendant's motion for summary judgment on Plaintiff's disparate treatment claim on the basis of race and gender. The Court GRANTS summary judgment on Plaintiff's claims for retaliation, sexual harassment, assault, and intentional infliction of emotional distress.

**A. Summary Judgment Standard**

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Merritt-Campbell, Inc., 164 F.3d at 961. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Merrit-Campbell, Inc.*, 164 F.3d at 961.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant

meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

### B. Disparate Treatment

Plaintiff claims Defendant unlawfully fired her because of her race – white – and her gender in violation of the Texas Labor Code.[1] The Court finds that Plaintiff has raised a genuine issue of material fact on this claim. Therefore, Defendant's motion for summary judgment on Plaintiff's disparate treatment claim is DENIED.

Plaintiff's disparate treatment claim is based on circumstantial evidence, and therefore is subject to a burden shifting standard. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005). The first step in the analysis requires Plaintiff to establish a prima facie case. *Id.* Plaintiff must show that 1) she was fired, 2) she was qualified for the position, 3) she was a member of a protected class at the time she was fired, and 4) she was discharged because of her gender or race. *Id.* The Defendant must respond by articulating a legitimate nondiscriminatory reason for firing Plaintiff. *Id.*

Finally, Plaintiff bears the ultimate burden of demonstrating a genuine issue of material fact

---

[1]The Texas Labor Code anti-discrimination laws are intended to implement policies of Title VII on the state level. Tex. Lab. Code Ann. § 21.001(1). Therefore, cases interpreting Title VII also apply to claims under the Texas Labor Code. *Coastal Mart, Inc. v. Hernandez*, 76 S.W.3d 691, 695 (Tex. App.–Corpus Christi 2002, pet. dism'd).

as to whether Defendant fired her because of her gender or race. *Id.* Plaintiff may satisfy that burden by demonstrating that Defendant's reason is merely pretext. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). Plaintiff may also show that Defendant was motivated by both legitimate and illegitimate reasons. *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 98 (2003). Plaintiff can rely on direct or circumstantial evidence to demonstrate a mixed motive. *Id.* at 98-99.

Defendant argues that Plaintiff cannot establish a prima facie case and also failed to negate their legitimate non-discriminatory reason for firing Plaintiff. However, the Court finds that Plaintiff has established her prima facie case. Plaintiff also has demonstrated a factual issue as to whether Plaintiff was fired because of her race or gender, thus negating the legitimate nondiscriminatory reason stated by Defendant.

### 1. Plaintiff's Prima Facie Case

The parties agree that Defendant fired Plaintiff and that she was a member of a protected class at the time. Plaintiff has also provided sufficient evidence that she was qualified for the position. It is undisputed that Plaintiff was employed with Defendant for twenty-two months, including seven months in a leadership position immediately before she was fired. Because Plaintiff held the leadership position for seven months prior to being fired, this suggests Plaintiff was qualified for the position.

Plaintiff also has produced sufficient circumstantial evidence showing that she was discharged because of her gender or race. Plaintiff was suspended and then fired after she reported the assault by Meade. However, Defendant conducted only a limited investigation of Plaintiff's assault claim and did not reprimand Meade. Plaintiff has a low burden at the prima facie case stage. *Baker*, 430 F.3d at 754. The Court finds that these facts support an inference of discrimination.

## 2. Defendant's Legitimate Non-discriminatory Reason and Plaintiff's Rebuttal

Next the Court considers whether Defendant has articulated a legitimate nondiscriminatory reason for firing Plaintiff. Defendant claims it fired Plaintiff because of her insubordination – yelling and using profanity – while on the phone with her supervisor Gus Aleman the night of the December Assault. Also, Defendant points out that Plaintiff had a history of complaints against her by her co-workers.

In light of Defendant's assertion of a nondiscriminatory reason for firing Plaintiff, the burden shifts to Plaintiff to show that Defendant fired Plaintiff because of her race or gender.

Plaintiff has attempted to meet this burden using circumstantial evidence. First, Plaintiff points to the deposition of Rebeckah Flanagan, a member of Defendant's human resources department, to show that Defendant did not investigate Plaintiff's assault claim against Meade. Second, Defendant did issue Plaintiff written warnings when addressing prior complaints against Plaintiff, as required by Defendant's disciplinary policy. Defendant now claims to base its decision to fire Plaintiff on these prior complaints. Plaintiff has also offered evidence that her co-worker Mario Sanchez – a Hispanic male – refused his supervisor's request to file a written statement regarding the December Assault by Meade. Despite Sanchez's refusal to comply with his supervisor's request, Sanchez was not reprimanded. Finally, Plaintiff disputes that she used profanity or yelled while on the phone with her supervisor Aleman on December 17, 2009.

Taken as a whole, the Court finds that Plaintiff's evidence creates a genuine issue of material fact on the issue of intentional discrimination. Accordingly, Defendants motion for summary judgment is denied as to Plaintiff's disparate treatment claims.

### C. Retaliation

Plaintiff's retaliation claim against Defendant is limited to one incident – Plaintiff's termination following her report of the December Assault. In order to survive summary judgment, Plaintiff must establish a prima facie case. Plaintiff must demonstrate that 1) she engaged in protected activity, 2) she was subject to an adverse employment action, and 3) a causal link existed between the protected activity and the adverse employment action. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005).

Defendant argues that Plaintiff has failed to state a prima facie case of retaliation because her report of the December Assault was not protected activity. As mentioned, Plaintiff's Response to Defendant's Motion for Summary Judgment looks only to her report of the December Assault by Meade as protected activity.[2] Plaintiff reported the assault to her supervisor, Aleman. She was suspended the following day, and fired four days later.

A report of discriminatory activity is protected activity under the Texas Labor Code. Tex. Lab. Code Ann. § 21.055. Although Plaintiff reported the December Assault, her report did not mention or suggest that race or gender played a role in the assault. However, Plaintiff claims that Defendant should have inferred that the assault was gender-based, and therefore discriminatory, from the fact that Plaintiff was assaulted by a man.

The Court disagrees. Plaintiff's Response admits that the December Assault was not a violation of the Texas Labor Code, but instead it was a state law assault (Pl.'s Resp. to Def.'s Mot. and Br. in Supp. of Summ. J. 8). Defendant cannot be expected to infer discrimination from a report

---

[2]Plaintiff's Complaint does not specify the grounds for her retaliation claim. However, in her Response to Defendant's Motion for Summary Judgment, Plaintiff does not contend that her report of the August Assault forms the basis of her retaliation claim.

that does not mention gender or race, particularly when Plaintiff herself does not believe the reported conduct was discriminatory. Plaintiff's report of non-discriminatory activities – even if the activities are improper or unlawful – is not protected activity. *See Harris-Childs v. Medco Health Solutions, Inc.*,169 Fed. Appx. 913, 916 (5th Cir. 2006).

Like Title VII, the Texas Labor Code is not a strict liability statute. Because Plaintiff never put Defendant on notice that the December Assault was discriminatory, her report of the assault was not protected activity under the statute.

### D. Sexual Harassment

Plaintiff's claim for sexual harassment is based on the assaults by co-workers Mario Sanchez (the August Assault) and by Coy Meade (the December Assault). To establish a prima facie case of sexual harassment, Plaintiff must demonstrate that 1) Plaintiff is member of a protected group, (2) Plaintiff was the victim of uninvited sexual harassment, (3) the harassment was based on Plaintiff's sex, (4) the harassment affected a "term, condition, or privilege" of Plaintiff's employment, and (5) Plaintiff's employer knew or should have known of the harassment and failed to take prompt remedial action. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 479 (5th Cir. 2008).

Defendant argues that no factual issues exist as to the last three elements of Plaintiff's prima facie case. Specifically, Defendant claims that the December Assault was not based on Plaintiff's sex, the assaults did not affect a term, condition, or privilege of Plaintiff's employment, and Defendant took prompt remedial action regarding the August Assault.

Plaintiff failed to respond to this issue, even after Defendant pointed out the omission in its Reply. Plaintiff must establish a prima facie case to avoid summary judgment on her sexual

harassment claim. *Id.* By failing to respond, Plaintiff has not satisfied her burden. Furthermore, under the Court's local rules, the Court infers from a party's lack of response that the party has no opposition. Local Rule CV-7(d). However, out of an abundance of caution, the Court has considered Plaintiff's sexual harassment claim and finds that the evidence does not establish a prima facie case.

Looking first at the August Assault, Plaintiff has not pointed to any evidence showing that Defendant failed to take prompt remedial action. Defendant investigated the incident at the time and suspended Sanchez for three days. Defendant was not required to fire Sanchez. *Waymire v. Harris County*, 86 F.3d 424, 429 (5th Cir. 1996). The summary judgment evidence shows, and Plaintiff has not challenged, that Defendant's remedial response was sufficient. Accordingly, Plaintiff has not established a genuine fact issue regarding whether Defendant failed to take prompt remedial action following the August Assault.

Turning next to the December Assault, Plaintiff has never suggested that the assault was based on her gender. As noted above, Plaintiff has specifically said that the December Assault was not a violation of the Texas Labor Code. Plaintiff must present evidence that at least suggests that "but for" her being a woman, she would not have been subject to the harassment. *Jones v. Flagship Intern.*, 793 F.2d 714, 719 (5th Cir. 1986). The evidence presented and Plaintiff's denial that the December Assault violated the Texas Labor Code do not support a conclusion that the assault was motivated by Plaintiff's sex.

The evidence does not support a prima facie case of sexual harassment based on either the August or the December Assault. Therefore, the Court grants summary judgment as to Plaintiff's sexual harassment claim.

### E. Assault

Plaintiff's state law assault claim is based on the December Assault by Plaintiff's co-worker Meade. Defendant argues that Meade was not acting within the course and scope of his employment at the time of the assault. Plaintiff counters the assault occurred on Defendant's property, it followed an argument over a staffing issue, Meade's call to supervisor Gus Aleman immediately preceding the assault was within Meade's job duties, and Meade shoved Plaintiff in order to return to his work duties.[3]

An employer is liable for an assault committed by its employee only if the employee was acting in the course and scope of his employment. *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d. 489, 493-94 (Tex. App.–Fort Worth 2002, no pet.). An employer may even be held liable for its employer's intentional act if the act is "closely connected with the servant's authorized duties." *GTE Southwest, Inc. v. Bruse*, 998 S.W.2d 605, 617-618 (Tex. 1999). However, an employer is not generally held vicariously liable for an assault committed by its employee "because such acts are not ordinarily within the course and scope of an employee's authority or employment." *Wrenn*, 73 S.W. 3d at 494; *Zarzana v. Ashley*, 218 S.W.3d 152, 160 (Tex. App.–Houston [14th Dist.] 2007, pet. struck)("[E]mployers are generally not liable for serious criminal acts of employees that are unforeseeable considering the employee's duties"). An employer is only held liable if the assault was committed to accomplish a duty entrusted to the employee and not the result of personal animosity. *Wrenn*, 73 S.W. 3d at 494. A security guard is the classic example of an employee entrusted with

---

[3] The Court notes that Plaintiff has not pointed to any evidence that suggests Meade's motivation for pushing Plaintiff was so that he may return to his work duties.

responsibilities that encompass the use of physical force. *See, e.g. G.T. Management, Inc. v. Gonzalez*, 106 S.W.3d 880, 885 (Tex. App.-Dallas 2003, no pet.).

It is undisputed that Meade and Plaintiff worked in Defendant's sanitation department. In light of Meade's job at Defendant's facility, Plaintiff has pointed to nothing in the summary judgment evidence that could support a finding that that the December Assault was within the general scope of duties entrusted by Defendant to Meade. *See, e.g.*, *Wrenn*, 73 S.W.3d at 494-95 (affirming the district court's summary judgment where an employee – who operated a fork lift for the employer – assaulted a coworker over a work-related dispute because assault was not within employee's scope of employment); *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, (Tex. App.–Houston [1st Dist.] 1988, no writ), *abrogated on other grounds by Golden Eagle Archery, Inc. V. Jackson*, 24 S.W.3d 362, 369 n.3 (Tex. 2000) (affirming summary judgment on basis that restaurant employee was not acting within course and scope of employment when he assaulted a customer).

Accordingly, the Court finds that no factual issue exists regarding whether Meade was acting within the scope of his employment. Accordingly, the Court grants summary judgment on Plaintiff's state law assault claim.

**F. Intentional Infliction of Emotional Distress**

Plaintiff links her intentional infliction of emotional distress claim to the December Assault by Meade. For the reasons stated above, Defendant is not liable for this assault. Accordingly, the Court grants summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

### III. Plaintiff's Objection to Defendant's Summary Judgment Evidence

Also before the Court are Plaintiff's Objections to and Motion to Strike Defendant's Summary Judgment Evidence (Doc. No. 24). Plaintiff's objections are directed at the report issued by the Texas Workforce Commission (TWC) in response to Plaintiff's discrimination claim. Plaintiff objects to the evidence as inadmissible hearsay. However, an Equal Employment Opportunity Commission report is admissible in a Title VII action under the public records hearsay exception. *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980). The same rule applies to the TWC report. Accordingly, Plaintiff's Objections to and Motion to Strike Defendant's Summary Judgment Evidence are DENIED.

### IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED in part and DENIED in part. The Court hereby GRANTS Defendant's motion for summary judgment on Plaintiff's retaliation, sexual harassment, assault, and intentional infliction of emotional distress claims. The Court DENIES Defendant's motion for summary judgment on Plaintiff's claims of disparate treatment based on race and gender.

**It is SO ORDERED.**

**SIGNED this 8th day of October, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE