# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SHELLY GIESLER** | § | |
| | § | |
| **v.** | § | **4:08-cv-344** |
| | § | **(Judge Mazzant)** |
| **RUIZ FOOD PRODUCTS, INC.** | § | |

## ORDER GRANTING COSTS AND ATTORNEYS' FEES

Now pending before the Court are Plaintiff's Request to Enter Bill of Costs (Doc. No. 71) and Plaintiff's Motion for Attorneys' Fees (Doc. Nos. 72). Having considered the relevant pleadings and the applicable law, Plaintiff's motions are GRANTED IN PART and DENIED IN PART.

**I.     Background**

Plaintiff, a white female, brought this action after Defendant fired her in December 2007, following an incident between Plaintiff and a coworker. Plaintiff alleged that her coworker Coy Meade shoved her across a desk while they were at work. Immediately after the incident, Plaintiff reported it to her supervisor, Gus Aleman. Defendant suspended and later fired Plaintiff. No disciplinary action was taken against Meade.

Plaintiff claims she was fired because of her gender (female) and race (white) and in retaliation for reporting the assault. Plaintiff also asserted claims for sexual harassment, assault, and intentional infliction of emotional distress.

Prior to trial, the Court dismissed Plaintiff's claims for retaliation, sexual harassment, assault, and intentional infliction of emotional distress. Plaintiff proceeded to trial only on her gender and race discrimination claims.

After a two-and-a-half-day trial beginning on October 20, 2009, the jury awarded Plaintiff $27,700 in lost wages and $73,000 in exemplary damages on her gender discrimination claim. The

jury found no liability on Plaintiff's race discrimination claim.  The Court entered a judgment on the verdict on November 9, 2009.  Plaintiff is now seeking her taxable costs and attorneys' fees related to this case.

## II.     Attorneys' Fees

Plaintiff has requested $107,895 in attorneys' fees. (This calculation is based on the amended affidavit of Attorney Robert E.L. Richardson (Doc. No. 76-4).)  The Court may award the prevailing party in an employment discrimination action under the Texas Labor Code its costs and attorneys' fees. Tex. Lab. Code § 21.259.  In assessing the proper amount of attorneys' fees, the Court first calculates the "lodestar fee" — the reasonable amount of hours expended times the reasonable hourly rates of the attorneys.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court then considers whether the lodestar fee should be adjusted in light of the particular facts of this case. *Migis*, 135 F.3d at 1047.  Specifically, the Court looks to the twelve *Johnson* factors to determine whether an adjustment is appropriate: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the result obtained; (9) the experience, ability, and reputation of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases.  *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Plaintiff was represented by two attorneys during the course of this litigation: Ronald R. Huff and Robert E.L. Richardson.  Each attorney filed an affidavit in support of Plaintiff's request for

attorneys' fees. Huff's affidavit also included the time billed by his legal assistant.

### A. Hours Billed

Defendant's first challenge to Plaintiff's request for attorneys' fees addresses the number of hours billed by Plaintiff's counsel. Plaintiff can only recover fees for time reasonably spent in prosecution of her case. *Migis*, 135 F.3d at 1047. Huff billed 203.25 hours. He also billed 64.5 hours for services performed by his legal assistant. Richardson billed 91.2 hours. Defendant argues that hours billed are excessive and exaggerated.

First, Defendant notes that Plaintiff was only successful on one of her six claims. According to Defendant, Plaintiff cannot recover fees for services dedicated to the unsuccessful five claims. However, Plaintiff's six claims all arose from the same factual scenario. The interrelated nature of these claims, their factual foundation, and the overlapping relief sought demonstrates that the services provided should not be arbitrarily segmented on a claim-by-claim basis. Thus, the Court finds that the services provided by Plaintiff's counsel were sufficiently related to Plaintiff's gender discrimination claim, and Plaintiff can recover the fees for these services.

Next, Defendant challenges the time that Plaintiff's counsel spent on a motion to quash a deposition. After Plaintiff filed the motion, the parties reached an agreed resolution at the Court's urging. Plaintiff then withdrew her motion. The Court encourages resolution of discovery issues without court intervention whenever possible. This practice should be commended, not punished. The eventual agreement between the parties did not render the motion unnecessary, and Plaintiff is entitled to attorneys' fees for the time dedicated to this issue.

Defendant also challenges the need for certain depositions. Each of the depositions listed was reasonably necessary in the prosecution of Plaintiff's case, and the fees incurred were reasonable.

Defendant's challenges to these hours are without merit.

Similarly, Defendant challenges as excessive several of the line items billed by Plaintiff's counsel. The Court finds that each of the challenged entries are reasonable and shall be included in the Court's calculation of the lodestar fee. However, Plaintiff has agreed to deduct 1.3 hours from the billing statement of Mr. Huff for time spent at the deposition of Rebeckah Flanagan.

Finally, Defendant disputes the hours billed by Mr. Richardson. Initially, Richardson submitted a billing statement with obvious errors (Doc. No. 72-3). For example, the billing statement included charges for depositions that Richardson did not attend. Richardson has subsequently amended the billing statement and provided an explanation for the errors that the Court finds satisfactory under the circumstances (Doc. No. 76).

For the reasons stated above, the Court calculates the applicable lodestar fee as follows:

| | | | | | |
|---|---|---|---|---|---|
| **Ronald R. Huff:** | 201.95 hours (includes 1.3 hour reduction for Flanagan deposition) | X | $350 | = | $ 70,682.50 |
| **Juerena Hoffman:** | 64.5 hours | X | $75 | = | $ 4,837.50 |
| **Richardson:** | 91.2 hours | X | $350 | = | $ 31.920.00 |
| | | | **TOTAL:** | | $107,440.00 |

### B.    The Johnson Factors

After calculating the lodestar fee, the Court must consider the twelve *Johnson* factors to determine whether the fee should be adjusted up or down. *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar amount carries a strong presumption of reasonableness. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The Court finds that the factors in

4

this case do not warrant an increase or decrease in the lodestar fee.

The Court first considers the time and labor required for prosecution of Plaintiff's case. *Johnson*, 488 F.2d at 717–19.  The two-and-half day trial in this case was standard for an employment dispute including discrimination claims.  Likewise, the discovery and pretrial phases were routine for an employment dispute and do not warrant an adjustment up or down.

The Court next looks to the novelty and difficulty of the questions presented and the skill required to perform the legal services properly.  *Johnson*, 488 F.2d at 717–19. Employment discrimination actions are an unusual breed.  The *McDonnell Douglas* burden-shifting framework and other unique aspects of employment law require a specialized skill set.  Often, parties are represented by attorneys that specialize in this area of the law.  Also, employment disputes based on circumstantial evidence such as this case require a highly detailed inquiry into the facts surrounding the employment decision.

Due to the distinct challenges of employment disputes, the hourly fee for employment disputes applied by Plaintiff's counsel is appropriate.  However, no additional increase or decrease is warranted in this case.

The Court next considers the amount involved and the result obtained. *Johnson*, 488 F.2d at 717–19.  Defendant argues that because Plaintiff only succeeded on one of six claims, her award of attorneys' fees should be adjusted downward.  Defendant relies on the Supreme Court's opinion in *Hensley v. Eckerhart*.  461 U.S. 424, 436 (1983); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998).  However, the Supreme Court also noted that in the typical civil rights case, such as the one presently before the Court, the attorneys dedicate their time to "a common core of facts" or "related legal theories." *Hensley*, 461 U.S. at 435.  Under those circumstances, the Court

found that claim-by-claim consideration of attorneys' fees is unwarranted. *Hensley*, 461 U.S. at 435 ("Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."). The Court specifically rejected a mathematical, pro-rata reduction. *Hensley*, 461 U.S. at 435 n.11. In this case, Plaintiff received the full amount of back pay sought at trial ($27,700) and $73,000 in punitive damages. This award justifies the time spent by Plaintiff's counsel pursuing the litigation.

Finally, although the parties have not addressed the remaining factors, the Court finds that none of these factors suggests an adjustment to the lodestar fee — up or down — is appropriate in this case. For example, Plaintiff's counsel have not indicated that this case interfered with their ability to accept other work. Also, the case was not particularly undesirable, and the abilities and experience of the attorneys was appropriately suited to the case.

Having considered the *Johnson* factors and the applicable facts of this case, the Court finds that this was a standard employment discrimination action. Although employment discrimination claims require some amount of particularized expertise, this case did not present any additional unique challenges for this type of action. Similarly, nothing about this case warrants a departure downward from the lodestar fee calculated above. Accordingly, the Court grants Plaintiff's request for attorneys' fees in the amount of $107,440.00.

**III.     Taxable Costs**

Plaintiff has requested $2,650.05 in taxable costs. The prevailing party is entitled to her costs incurred prosecuting her case. Tex. Labor Code § 21.559. Defendant has raised three challenges to Plaintiff's request for costs. First, Defendant argues that Plaintiff was not the prevailing party and

therefore is not entitled to the full amount of her costs. Second, Defendant argues that the requested mediation fee is not a taxable cost. Finally, Defendant challenges fees related to two trial subpoenas.

### A. The Prevailing Party

Defendant claims that Plaintiff was not the prevailing party and thus is not entitled to receive full reimbursement of her costs. Only a prevailing party is entitled to relief under the cost-shifting statute. Tex. Labor Code § 21.259. As addressed above, Plaintiff originally pursued six separate, but related claims against Defendant. Plaintiff ultimately succeeded on only one claim: gender discrimination. Defendant argues that Plaintiff is not entitled to costs related to the unsuccessful claims. Defendant requests a pro-rata reduction of Plaintiff's deposition costs on this basis. However, as discussed above, the interrelatedness of Plaintiff's claims does not warrant a pro-rata reduction. Success on each claim is not a prerequisite to recover costs. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1893). Accordingly, Plaintiff's recoverable costs will not be reduced as requested by Plaintiff.

### B. Mediation Fee

Defendant argues that the mediation fee requested by Plaintiff is not a taxable cost. However, this was a diversity action alleging violations of the Texas Labor Code. Under Texas law, Plaintiff's mediation costs are taxable. Civil Practice and Remedies Code § 154.054(b). Thus, Plaintiff may recover her portion of the mediation fee.

### C. Trial Subpoenas

Finally, Defendant challenges Plaintiff's expenses associated with two trial subpoenas, issued for Rebeckah Flanagan and Detective Tom Fair. The Court finds that Plaintiff can recover the cost of the Flanagan subpoena, but not the Fair subpoena.

Flanagan was the human resources manager who terminated Plaintiff. Her testimony was necessary to the presentation of Plaintiff's case, and the subpoena to ensure Flanagan's attendance was proper.

Plaintiff also issued a subpoena for Detective Tom Fair. However, during the pretrial conference, the Court informed the parties that Fair would not be allowed to testify at trial. Plaintiff issued the subpoena despite the Court's order. Accordingly, Plaintiff must bear the cost of this subpoena, and the Court hereby strikes the $62.00 fee from Plaintiff's Bill of Costs.

### D. Conclusion

For all the reasons stated above, Plaintiff's request for entry of the Bill of Costs is granted in the amount of $2,588.05.

## IV. Conclusion

Having considered the parties' briefing and the applicable law, Plaintiff's Request to Enter Bill of Costs (Doc. No. 71) and Plaintiff's Motion for Attorneys' Fees (Doc. Nos. 72 & 76) are GRANTED IN PART AND DENIED IN PART. Plaintiff is hereby awarded $107,440.00 in attorneys' fees and $2,588.05 in taxable costs.

**IS IT SO ORDERED.**
**SIGNED this 2nd day of March, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE